### Jenkins Estate

*Holbrook M. Bunting, Jr.,* and *Pepper, Hamilton & Scheetz,* for accountants.

*Fairfax Leary, Jr., J. Pennington Straus,* and *Schnader, Harrison, Segal & Lewis,* for beneficiaries.

*James L. Price,* for Commonwealth.

KLEIN, Adm. J., May 8, 1970.—Accountants state the reason for filing the present account "is to establish that the provisions of the residuary trust for establishing a memorial in the form of a law library for the Philadelphia Bar Association and the public have been carried out within five (5) years from the date of death of the testatrix so that the interests of the contingent income beneficiaries under Paragraph TENTH of the will have terminated, absolutely, and

further, to make a full report of all expenditures to date in carrying out the said provisions for establishing the memorial law library, as directed by the Decree of Hon. Charles Klein for the Orphans' Court dated June 28, 1968."

Testatrix died November 24, 1965. The fund presently accounted for was awarded to the accountants by adjudication of the present auditing judge dated December 20, 1966, upon the first and interim account of Provident National Bank and Ernest Scott, executors under the will of Madeleine Hart Jenkins. Our decree dated June 28, 1968, approved the leasing by the accountants, as Directors of The Theodore F. Jenkins Memorial Law Library Company, of 33,000 square feet of space in the Widener Building for the new quarters of The Theodore F. Jenkins Memorial Law Library; authorized the expenditure of up to $400,000 from principal for furnishings, fixtures and equipment for the new library, including the expenses of moving from Suite 600 City Hall; authorized the payment of $4,600 per month for any months during 1969 that the library continued in operation at Suite 600 City Hall; and directed the trustees "to file an accounting with the Court when The Theodore F. Jenkins Memorial Law Library Company has vacated its present quarters and has taken possession and commenced operations at the new quarters so that an adjudication may be made determining that the provisions of the Will of Madeleine Hart Jenkins for the creation of a memorial law library have been carried out, and for such orders and awards as are then deemed appropriate by the Court."

At the audit of the present account, testimony was heard from Ernest Scott, Fairfax Leary, Jr., President of The Theodore F. Jenkins Memorial Law Library Company, and Robert M. Landis, Chancellor of the

Philadelphia Bar Association. From the evidence so adduced and from our personal observations of the new library, it is quite apparent, and we so find, that the Philadelphia Bar Association through its officers and committees, together with The Theodore F. Jenkins Law Library Company, through its officers and directors in active cooperation with the three trustees designated by the will of Madeleine Hart Jenkins, have together succeeded in establishing a fine law library facility for the use and benefit of the bench, bar and public of Philadelphia, by imaginative planning and effective use of 33,000 square feet of space on the ninth and tenth floors of the Widener Building which is located immediately adjacent to City Hall. This facility houses the association's collection of approximately 160,000 volumes with fine work space, excellent lighting and efficient air-conditioning for the comfort and convenience of library users.

This has all been done in less than five years from the date of death of Madeleine Hart Jenkins on November 24, 1965.

Therefore, the express testamentary condition imposed by decedent before absolute vesting of the benefits of the residuary estate could take place has been fully met and the interests of the contingent beneficiaries (which arose only if the condition had not been met) are now finally and irrevocably terminated. With the splendid memorial library facility actually in existence and operation, the court finds that it has been both possible and expedient to carry out testatrix' objective within the time limit specified by the will. The vesting of the contingent interests of the gifts-over was conditioned upon either of two negative premises occurring during the five years immediately following the death of testatrix on November 24, 1965: (1) if the bar association did not accept the

benefits provided by the will, or (2) if a determination was made by this court that a plan for a Theodore F. Jenkins Memorial Law Library was "impossible or inexpedient" to carry out. The negative premises did not, and never will, become facts within the five-year period ending November 24, 1970. Accordingly, all interests of the Society of Sisters of St. Margaret and St. Mark's Protestant Episcopal Church, as contingent income beneficiaries, under Paragraph TENTH of the will, have terminated absolutely and, happily, both these charities agree in this respect and have filed statements acquiescing in this position.

All parties in interest are stated to have received notice of this audit. Proof of compliance with Rule 5, sec. 5, of the Supreme Ct.-O. C. Rules relating to notice to the Attorney General of the Commonwealth of Pennsylvania in cases involving charitable gifts, is annexed. . .

By reason of the termination of the interests of the contingent income beneficiaries, and the approval of the court of all payments to date for establishing and operating the memorial law library, the trustees are authorized to release the Philadelphia Bar Association from any and all obligation to refund operating payments heretofore made or to maintain a custodian account in compliance with the refunding agreement set forth in Item 6 of the Library Operating Agreement dated June 1, 1967, which was approved pursuant to this court's decree dated June 28, 1967.

Accountants have requested authority to use the balance of income, and so much principal as is required, to pay all of the obligations of The Theodore F. Jenkins Memorial Law Library Company, as of March 24, 1970, amounting to $114,117.01, which were incurred in establishing, equipping and furnishing the memorial law library on the ninth and tenth

floors of the Widener Building. The amounts are within prior estimates of the trustees which had been approved under prior decrees of this court, and the request is granted.

The balance of principal awarded to the trustees is to be held subject to further accounting to this court as appropriate, and all net income therefrom is to be paid to The Theodore F. Jenkins Memorial Law Library Company to be used for maintaining and operating the memorial law library. The trustees have requested authority to supplement income with such principal as may be necessary to assure the continuance of minimum payments of $12,000 per month during the calendar year 1970 to the memorial law library company to help defray operating expenses. Since the request falls well within the limits of the decree of this court dated June 28, 1968, the request is granted. . .

And now, May 8, 1970, the account is confirmed nisi.